DAVID R. JOHNSON
djohnson@wthf.com
Nevada Bar No. 6696
JARED M. SECHRIST
jsechris@wthf.com
Nevada Bar No. 10439
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
6325 South Rainbow Boulevard, Ste. 110
Las Vegas, NV 89118
Telephone:   702-789-3100
Facsimile:    702-822-2650

Attorneys for Plaintiff
Travelers Casualty and Surety Company
of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BIG TOWN MECHANICAL, LLC, a Nevada limited liability company; BIG TOWN SERVICE, LLC, a Nevada limited liability company; BIG TOWN MECHANICAL CORP., a Nevada corporation; LIBERTY DUCT, LLC, a Nevada limited liability company; B.B.H., LLC, a Nevada limited liability company; JAMES A. BARTON, individually and as Trustee of THE J&H BARTON FAMILY TRUST DATED MARCH 8, 2000; KENNETH MCNULTY, individually and as Trustee of THE MCNULTY FAMILY TRUST DATED FEBRUARY 8, 2006; JAMIE MCNULTY individually and as Trustee of THE MCNULTY FAMILY TRUST DATED FEBRUARY 8, 2006; THE J&H BARTON FAMILY TRUST DATED MARCH 8, 2000; MCNULTY FAMILY TRUST DATED FEBRUARY 8, 2006,<br><br>Defendants. | CASE NO.: 2:12-cv-02072-APG-VCF<br><br>**ORDER GRANTING TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S MOTION FOR SUMMARY JUDGMENT** |

**O R D E R**

Before the Court is Plaintiff Travelers Casualty and Surety Company of America's ("Travelers") Motion for Summary Judgment, including the supporting Affidavit of John Fouhy and Notice of Lodgment and exhibits attached thereto (Document 26) and Travelers' Errata to the Motion for Summary Judgment, and supporting Supplemental Affidavit of John Fouhy and exhibits attached thereto (Document 28) (collectively, "Motion").

By it Motion, Travelers seeks to enforce the indemnity and collateral provisions of a written indemnity agreement signed by Defendants Big Town Service, LLC, Big Town Mechanical Corp., Liberty Duct, LLC, James A. Barton individually and as trustee of the J&H Barton Family Trust Dated March 8, 2000, Kenneth McNulty individually and as trustee for the McNulty Family Trust Dated February 8, 2006, Jamie McNulty individually and as trustee of the McNulty Family Trust Dated February 8, 2006, the J&H Barton Family Trust Dated March 8, 2000, and the McNulty Family Trust Dated February 8, 2006 (collectively, "Defendants") in exchange for Travelers issuing various construction-related surety bonds on behalf of Big Town Mechanical, LLC ("Big Town").[1]

The Court has considered the Motion, the documents submitted in support thereof, and the pleadings and papers on file before the Court.  The Court notes that Defendants have failed to oppose the Motion.  Pursuant to Fed. R. Civ. P. 56 and Local Rule 7-2(d), Defendants' failure to oppose the Motion constitutes a consent to the granting of the Motion.  Nevertheless, this Court has evaluated the merits of the Motion, and having done so, grants the Motion for the following reasons:

---

[1] After Travelers filed suit, two of the named defendants, Big Town Mechanical, LLC and BBH, LLC, filed for bankruptcy. *See In re Big Town Mechanical, LLC,* U.S. Bankruptcy Court for the District of Nevada Case No. BK-13-14209-MKN; and *In re BBH, LLC,* U.S. Bankruptcy Court for the District of Nevada Case No. BK-13-14236-MKN. Because of their bankruptcy filings, Travelers does not seek recovery against Big Town or BBH, LLC in the instant action. For the same reason, the Court does not address Big Town or BBH, LLC in this Order.

- 2 -

# BACKGROUND

As presented in Travelers' Motion, Travelers seeks to enforce the indemnity and collateral provisions of a written indemnity agreement signed by each of the Defendants in favor of Travelers for actual and anticipated surety bond losses. More specifically:

### A.   Factual Background

Defendants requested Travelers to issue numerous construction-related surety bonds (the "Bonds") on behalf of Big Town Mechanical, LLC ("Big Town"). As a condition to issuing the Bonds, Defendants, and each of them, voluntarily executed a General Agreement of Indemnity (the "GAI") in favor of Travelers. Thereafter, and in partial reliance upon Defendants' execution of the GAI, Travelers issued surety bonds (the "Bonds") in the aggregate penal sum of approximately $117,678,851.

Based upon the express terms of the GAI, Defendants each expressly agreed, among other things, to indemnify Travelers for any losses it incurred on the Bonds. Further, the Defendants each agreed that a statement of an employee of Travelers was *prima facie* evidence of the existence and amount of Travelers' Bond losses.

As of August 15, 2013, Travelers has incurred $1,095,660.42 of Bond losses. Travelers has demanded that Defendants, and each of them, indemnify Travelers for these losses, as required by the express terms of the GAI. Defendants have failed and refused to do so. Defendants are in breach of their unambiguous and express obligations to Travelers under the GAI.

Further, by executing the GAI, Defendants also agreed to post collateral as security against anticipated Bond losses upon Travelers' demand in an amount and type determined at Travelers' sole discretion. Travelers has asserted a collateral demand against Defendants for

$6,271,679.24. Defendants have failed and refused to post the demanded collateral, thereby violating their contractual obligation to post collateral contained within the GAI.

**B.     Procedural Background**

On December 5, 2012, Travelers filed its complaint against Defendants alleging the following causes of action: First Cause of Action – Breach of Indemnity Agreements; Second Cause of Action – Specific Performance of Indemnity Agreement; Third Cause of Action – Equitable Indemnity; Fourth Cause of Action – Quia Timet; and Fifth Cause of Action – Declaratory Relief.

On April 26, 2013, Travelers served each of the Defendants with Requests for Admission pursuant to Fed. R. Civ. P. 36. *See* NoL, Exhibits 12-19. Pursuant to Fed. R. Civ. P. 36, the Defendants' responses to the Requests for Admission were due no later than May 29, 2013. *See* Fed. R. Civ. P. 36(a)(3). As of the filing of the Motion, none of the Defendants had responded to the Requests for Admission.

On August 15, 2013, Travelers filed its Motion for Summary Judgment (Document 26). On August 28, 2013, Travelers filed its Errata to the Motion for Summary Judgment (Document 28). None of the Defendants has opposed or otherwise responded to the Motion. Travelers has requested this Court enter summary judgment against Defendants in the amount of $7,367,339.66 ($1,095,660.42 [Travelers' total payments for Bond claims as of August 15, 2013] + $6,271,679.24 [collateral demanded for anticipated Bond claim payments].

## ANALYSIS

**I.     SUMMARY JUDGMENT STANDARD**

Summary judgment may be granted if the movant demonstrates that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, entitling the movant to judgment as a

matter of law. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. *See Matsushita,* 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings; he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *see also Anheuser-Busch, Inc. v. Natural Beverage Distrib.,* 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). The nonmoving party must rely on concrete evidence, not merely "speculation, conjecture, or fantasy." *O.S.C. Corp. v. Apple Computer, Inc.,* 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary Judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 248.

## II. DEFENDANTS' OBLIGATION TO INDEMNIFY TRAVELERS FOR BOND LOSSES

### A. THE GAI IS A VALID AND ENFORCEABLE CONTRACT.

In the Motion, Travelers contends that Defendants are obligated by the terms of the GAI. *See* Motion at 4.  General indemnity agreements, such as the GAI, are enforceable under Nevada law.  *See Insurance Company of the West v. Gibson Tile Company, Inc.*, 122 Nev. 455, 134 P.3d 698 (2006); *Transamerica Premier Insurance Company v. Nelson*, 110 Nev. 951, 955, 878 P.2d 314, 316 (1994); and *Continental Casualty Co. v. Farnow*, 79 Nev. 428, 386 P.2d 90 (1963).

Based upon the evidence presented and evaluated by the Court, the Court finds that each of the Defendants signed the GIA.  Further, pursuant to Nevada law, the Court finds that the GAI is a valid contract that may be enforced against the Defendants.

### B. DEFENDANTS HAVE BREACHED THEIR CONTRACTUAL OBLIGATION TO INDEMNIFY TRAVELERS FOR ITS BOND LOSSES.

Pursuant to Paragraph 3 of the GAI, Defendants agreed as follows:

> 3. **Indemnification and Hold Harmless**: Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss.  An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability.  Amounts due to Company shall be payable upon demand.

Notice of Lodgment ("NoL") (Document 26-2), Exhibit 1 (GAI); Affidavit of John Fouhy ("Fouhy Aff.") (Document 26-1), ¶6.  Accordingly, the Court finds that Defendants each expressly agreed in the GAI to indemnify Travelers for any Bond losses.

Defendants also agreed under the terms of the GAI that a statement by an employee of Travelers is *prima facie* evidence of the losses that Travelers has suffered under any of the Bonds.  *Id*.  The Court finds this provision to be enforceable against the Defendants.  *See Transamerica Premier Ins. Co. v. Nelson,* 110 Nev. 951, 957, 878 P.2d 314, 318 (1994) (giving

- 6 -

effect to indemnity agreement provision that "an itemized statement of expenses is prima facie evidence of the fact and extent of the liability of the indemnitor"); *Fidelity and Deposit Co. of Maryland v. Bristol Steel & Iron Works,* 722 F.2d 1160, 1163 (4th Cir. 1983) (holding that a sworn affidavit of an employee of the surety as to the amount of liability is properly accepted by the court as *prima facie* evidence of both the fact and extent of liability of the surety on its bond); *Continental Cas. Co. v. Amer Security Corp.*, 443 F.2d 649, 651 (D.C. Cir. 1970).

The Affidavit of John Fouhy and exhibits referenced therein and attached to the accompanying Notice of Lodgment submitted by Travelers in support of the Motion (Document 26-1), and Errata and supporting supplemental affidavit and exhibits thereto (document 28), are, therefore, *prima facie* evidence of Travelers' Bond losses totaling $1,095,660.42. None of the Defendants has submitted an opposition to the Motion or otherwise provided this Court with any evidence rebutting Travelers' *prima facie* showing that it has sustained $1,095,660.42 of Bond losses. Therefore, pursuant to the GAI, the Court finds that Travelers has conclusively proven its entitlement to indemnity from each of the Defendants for $1,095,660.42 in Bond losses.

### III. DEFENDANTS' OBLIGATION TO POST COLLATERAL

The GAI requires Defendants to post collateral as security against anticipated Bond losses upon Travelers' demand, stating:

> **Collateral Security**: Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit. Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.

NoL, Exhibit 1; Fouhy Aff., ¶8; *see Safeco Ins. Co. of America v. Schwab*, 739 F.2d 431 (9th Cir. 1984) (a surety is entitled to collateral and indemnity pursuant to the terms of its indemnity agreement before the surety experiences the loss). The Court finds the collateral provision in the GAI to be enforceable under Nevada law.

### A.  TRAVELERS' COLLATERAL DEMANDS ON DEFENDANTS

Travelers made multiple demands on Defendants to post collateral. On October 29, 2012, Travelers sent via Certified Mail and Regular Mail a collateral demand letter (the "2012 Collateral Demand") to the Defendants. NoL, Exhibit 4; Fouhy Aff., ¶14.

On July 23, 2013, Travelers sent to the Defendants, via Certified Mail and Regular Mail, a second collateral demand letter that Mr. Fouhy prepared ("2013 Collateral Demand") (the 2012 Collateral Demand and the 2013 Collateral Demand are collectively referred to as the "Collateral Demands"). NoL, Exhibit 5; Fouhy Aff., ¶15. In the 2013 Collateral Demand, Travelers identified the GAI and specifically cited the provision (paragraph 5 of the GAI) creating the Defendants' obligation to post collateral upon Travelers' demand. *Id.* Travelers stated that it had already paid claims and claims adjustment expenses totaling $939,994.00. *Id.* Travelers further advised that it had received an additional 52 payment bond claims totaling at least $1,348,666.82. *Id.* Further, Travelers advised that it received numerous performance bond claims for which Travelers estimated its exposure to be $6,271,679.24. *Id.* Finally, Travelers demanded that the Defendants reimburse Travelers for its Bond losses and post collateral in the amount of $6,271,679.24 by July 31, 2013. *Id.*

None of the Defendants complied with either of Travelers' Collateral Demands. *Id.* at ¶¶16 -17.

### B. SUFFICIENT EVIDENCE SUPPORTS TRAVELERS' DEMAND FOR $6,271,679.24 IN COLLATERAL.

Based upon the evidence presented by Travelers in the Motion and supporting documents, including but not limited to the GAI, there are no genuine issues of material fact as to Travelers' entitlement to the posting of $6,271,679.24 of cash collateral by the Defendants as security for potential future Bond losses. More specifically, Travelers has proven to the Court's satisfaction that Travelers is reviewing and resolving the following categories of claims:

#### 1. Commercial Bonds

Travelers has received and is resolving claims against three (3) of its commercial bonds. Fouhy Aff., ¶26. These claims include the following pending lawsuits: *Painters Joint Committee, et al. v. Big Town Mechanical, LLC, et al.*, Clark County, Nevada, District Court Case No. A-12-665527-C; and *Board of Trustees of the Plumbers and Pipefitters Local 525 Health and Welfare Trust and Plan, et al. v. Addison Construction Company, et al*, Clark County, Nevada, District Court Case No. A-13-684583-C. *Id.*, ¶25(a), (b).

#### 2. Performance Bonds

Travelers has received nineteen (19) claims against its Big Town performance bonds, resulting in Travelers having an aggregate exposure in excess of $47,879,953.00. *Id.*, ¶26. Travelers is obligated to complete Big Town's work in accordance with its obligations under the applicable Bonds. For example, Bond obligee Clark County School District ("CCSD") has defaulted Big Town on all of its fifteen (15) projects in connection with which Travelers has issued bonds. *Id., ¶*27(a). The projects include:

    1. HVAC School Modernization at Mark Kahre Elementary School (bond no. 105433712; bond amount: $2,600,000.00);

    2. HVAC School Modernization at Dorothy Eisenberg Elementary School"

(bond no. 105281480; bond amount: $2,579,710.00);

3.    HVAC School Modernization – Ute Perkins Elementary School (bond no. 105281472; bond amount: $3,038,268.00);

4.    HVAC School Modernization @ Elaine Wynn Elementary School (bond no. 105281478; bond amount: $2,957,595.00);

5.    HVAC School Modernization @ Charlotte Hill Elementary School (bond no. 105281479; bond amount: $2,498,620.00);

6.    HVAC School Modernization @ Helen Herr Elementary School (bond no. 105433706; bond amount: $2,431.22.000);

7.    HVAC School Modernization @ Gwendolyn Woolley Elementary School (bond no. 105433707; bond amount: $2,444,440.00);

8.    HVAC School Modernization @ Jim Thorpe Elementary School (bond no. 105433708; bond amount: $2,301,986.00);

9.    HVAC School Modernization @ Patricia A. Bendorf Elementary School (bond no.: 105433709; bond amount: $2,178,000.00);

10.    HVAC School Modernization @ Wing and Lilly Fong Elementary School (bond no.: 105433710; bond amount: $2,270,110.00);

11.    HVAC School Modernization at Edythe & Lloyd Katz Elementary School (bond no.: 105433713; bond amount: $2,826,300.00);

12.    HVAC School Modernization at Andrew Mitchell Elementary School (bond no.: 105433714; bond amount: $3,194,700.00);

13.    HVAC School Modernization at Nate Mack Elementary School (bond no.: 105433715; bond amount: $2,649,000.00);

14.    HVAC School Modernization at Robert Lunt Elementary School (bond

no.: 105433716; bond amount: $2,637,000.00); and

15. HVAC School Modernization at Grant Bowler Elementary School (bond no.: 105433720; bond amount: $3,288,000.00);

*Id.*, ¶27(a); NoL at Exhibit 8 (CCSD's demand that Travelers fulfill its performance bond obligations for each of the above-referenced projects dated July 11, 2013).

Additionally, CCSD has filed suit against Travelers in connection with bonded projects in an action entitled, "*Clark County School District v. The Travelers Casualty and Surety Company of America*," U.S. Dist. Ct., District of Nevada, Case No. 2:13-cv-01100-JCM. The amount sought by CCSD is unknown, but presently believed to be approximately $5 million. Fouhy Aff., ¶27(a); NoL at Exhibit 9 (a project accounting provided by CCSD showing CCSD's claim for approx. $5 million in liquidated damages).

Further, obligee CORE Construction Services of Nevada, Inc. has defaulted Big Town on all of its three (3) projects in connection with which Travelers has issued bonds. Fouhy Aff., ¶27(b). The projects include:

1. HVAC - Fitness Center, Building 1705 – Nellis Air Force Base (bond no. 105613200; bond amount: $2,719,646.90);

2. HVAC & Plumbing – Robert E. Lake Elementary School Modernization (bond no. 105613191; bond amount: $2,436,000.00); and

3. Plumbing Systems and Condensate Lines for HVAC- John F. Miller School (bond no. 105613202; bond amount $608,356.00).

Fouhy Aff., ¶27(b); NoL Exhibit 10 (CORE's demands that Travelers fulfill its performance bond obligations for each of the aforementioned projects).

In addition, obligee Addison, Inc. has defaulted Big Town on one project in connection with which Travelers has issued a performance bond: Rose Warren ES HVAC (bond no.

- 11 -

105613192; bond amount: $2,221,000.00). Fouhy Aff., ¶27(c); NoL Exhibit 11 (Addison's demand that Travelers fulfill its performance bond obligations for each of the aforementioned project dated July 11, 2013).

### 3. Payment Bond Claims

Travelers has received notices from approximately 52 pending payment bond claimants seeking the total payment of at least $1,348,666.82. Fouhy Aff., ¶28.

Pursuant to the GAI and the doctrine of *quia timet*, Defendants are obligated to post collateral in an amount and type determined by Travelers at its sole discretion. Travelers has issued a proper collateral demand to the Defendants in the amount of $6,271,679.24. Based upon the evidence presented by Travelers, no genuine issue of material fact exists as to Travelers' entitlement to demand and receive cash collateral from Defendants in the amount of $6,271,679.24. To date, Defendants have not reimbursed Travelers any amount of money for Bond losses Travelers has sustained, and have not posted with Travelers any collateral, including the demanded collateral of $6,271,679.24. Travelers is, therefore, entitled to summary judgment in its favor and against Defendants compelling Defendants to post $6,271,679.24 of cash collateral with Travelers.

Thus, for the reasons set forth in this Order, the Court finds that Defendants' failure to post collateral with Travelers on demand is a breach of the GAI and, further, that Travelers is entitled to an order requiring Defendants to each specifically perform their obligation to post collateral with Travelers.

Accordingly, the Motion is granted and summary judgment should be awarded in Travelers' favor and against Defendants for the relief sought therein.

**IV.   ADDITIONAL BASES TO GRANT TRAVELERS' MOTION**

In addition to the evidence that Travelers presented in the form of the Fouhy Affidavit and the exhibits attached to the Notice of Lodgment submitted by Travelers, which the Court finds compelling, the Court notes that Defendants failed to respond to Travelers' Requests for Admission. Fed. R. Civ. P. 36(a)(3) states, in pertinent part, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed served on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(b) states that "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." (emphasis added). Defendants, by virtue of their failure to respond to Travelers' Requests for Admission, have admitted each request, and their admissions are conclusive proof of the following facts, which are dispositive of Travelers' right to summary judgment:

- The GAI attached to the Requests for Admission, which is the same as the GAI attached to the NoL as Exhibit 1, is a true and correct copy of the GAI;
- They signed the GAI;
- They are obligated to reimburse Travelers for all of its Bond losses;
- Travelers' resolution of the Bond claims was reasonable;
- They received the Collateral Demand but failed to post collateral; and
- They have no defenses to Travelers' claims in the Action.

*See* NoL, Exhibits 12-19.

Accordingly, the Motion is granted and summary judgment should be awarded in Travelers' favor and against Defendants for the relief sought therein.

In sum, and for the reasons stated in this Order, and pursuant to Nevada law, Fed. R. Civ. P. 36, Fed. R. Civ. P. 56, and the evidence presented by Travelers in connection with its Motion,

- 13 -

this Court finds that the GAI is a valid contract that may be enforced against each of the Defendants, jointly and severally, and that each of the Defendants, jointly and severally, breached the indemnity and collateral provisions therein. The Court further finds that, as a result, Travelers is entitled to $7,367,339.66 ($1,095,660.42 [indemnity for Travelers' total payments for Bond claims as of August 15, 2013] + $6,271,679.24 [collateral demanded for anticipated Bond claim payments], which amount is supported by sufficient evidence, against each of the Defendants, jointly and severally. The Court further finds that that there is no genuine issue as to any material fact. Travelers is entitled to judgment against each of the Defendants as a matter of law. *See* Fed. R. Civ. P. 56

## V.  CONCLUSION

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that Travelers' Motion for Summary Judgment is GRANTED against Defendants, jointly and severally, in the amount of $7,367,339.66 ($1,095,660.42 [indemnity for Travelers' total payments for Bond claims as of August 15, 2013] + $6,271,679.24 [collateral demanded for anticipated Bond claim payments];

**IT IS FURTHER ORDERED** that Defendants are jointly and severally liable to Travelers for the repayment of its Bond losses in the amount of $1,095,660.42;

**IT IS FURTHER ORDERED** that Defendants are jointly and severally liable to Travelers for the posting of $6,271,679.24 of cash collateral with Travelers as security for anticipated Bond losses.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Travelers shall submit for the Court's consideration a motion for attorney's fees within fourteen (14) days of the entry of this Order, in accordance with Local Rule 54-16.

DATED: October 8, 2013 at 11:45 a.m.

_____
UNITED STATES DISTRICT COURT JUDGE

*Order Prepared By:*

WATT, TIEDER, HOFFAR
  & FITZGERALD, L.L.P.

By   _____/s/_____
    DAVID R. JOHNSON (#6696)
    djohnson@wthf.com
    JARED M. SECHRIST (#10439)
    jsechris@wthf.com
    6325 S. Rainbow Blvd, Ste 110
    Las Vegas, NV 89118
    *Attorneys for Plaintiff*